**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUAN PACHECO MEDELLIN, AKA
Enrique A. Lopez,

              Petitioner,

  v.

TODD BLANCHE, Acting Attorney
General,

              Respondent.

No.   20-70683

Agency No. A205-024-753

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2026[**]
San Francisco, California

Before:  MURGUIA, Chief Judge, and KOH and H.A. THOMAS, Circuit Judges.

Juan Pacheco Medellin is a native and citizen of Mexico. He petitions for
review of a decision of the Board of Immigration Appeals ("BIA") dismissing his
appeal of an Immigration Judge's ("IJ") (collectively, the "Agency") denial of his

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

"[O]ur review 'is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted.'" *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (quoting *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006)). We review the BIA's legal conclusions de novo, and "review the BIA's factual determinations for substantial evidence, meaning we may reverse only if the evidence compels a conclusion contrary to the BIA's." *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

1. Medellin, citing *Pereira v. Sessions*, 585 U.S. 198 (2018), argues that the IJ did not have jurisdiction over his case because his notice to appear ("NTA") was invalid as it did not list a time and date for his initial immigration hearing. But this argument is foreclosed by our precedent. *See Karingithi v. Whitaker*, 913 F.3d 1158, 1161 (9th Cir. 2019) (recognizing *Pereira* has "no application" to the question of the immigration court's jurisdiction); *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188 (9th Cir. 2022) (en banc) (holding that "the failure of an NTA to include time and date information does not deprive the immigration court of subject matter jurisdiction").

2. Medellin claims that the IJ erred in finding him ineligible for asylum. But

Medellin failed to exhaust this argument before the BIA. Where, as here, the Government has raised a petitioner's failure to comply with the statutory exhaustion requirement, *see* 8 U.S.C. § 1252(d)(1), we may not review unexhausted arguments, *see Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (observing that the exhaustion requirement in 8 U.S.C. § 1252(d)(1) is a non-jurisdictional claim-processing rule that is mandatorily enforced if a party properly raises it, and a noncitizen "must put the BIA on notice of the challenge" to exhaust a claim).

3. Substantial evidence supports the Agency's determination that Medellin did not show a clear probability of future persecution on account of a protected ground.[1] Medellin fails to point to evidence in the record that compels reversal of the Agency's determination that he failed to establish a nexus between his claimed fear of harm and his proposed particular social groups, "the Pacheco Medellin family" and "repatriated Mexican men who oppose gang violence."[2] And while

---

[1] Medellin does not meaningfully dispute the Agency's determination that he failed to demonstrate past persecution. He has therefore forfeited this issue. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (holding that arguments not argued "specifically and distinctly" in an opening brief are deemed forfeited (citation omitted)). And even if Medellin did not forfeit this argument, substantial evidence supports the Agency's determination that the harm Medellin endured does not rise to the level of persecution.

[2] On appeal, Medellin also argues that he will be persecuted on account of a political opinion. He did not, however, challenge before the BIA the IJ's determination that he failed to demonstrate that he held a political opinion or that a

3

Medellin argues that the IJ held him to an improperly high standard when analyzing his withholding of removal claim, Medellin failed to exhaust this claim. We therefore may not consider it. *See Suate-Orellana*, 101 F.4th at 629.[3]

4. Substantial evidence supports the Agency's denial of CAT protection. Medellin does not provide evidence that compels the conclusion that he is more likely than not to be tortured by or with the consent or acquiescence of a public official in Mexico. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). The IJ determined that Medellin failed to submit evidence that he would be specifically targeted for torture. Substantial evidence supports the BIA's affirmance of the IJ's determination. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (holding that "generalized evidence of violence and crime in Mexico" that was not particular to petitioners was insufficient to establish eligibility for CAT protection).

**PETITION DENIED.**[4]

---

political opinion would be imputed on him, and the BIA deemed this claim waived. We may not consider Medellin's unexhausted argument on appeal. *See Suate-Orellana*, 101 F.4th at 629.

[3] The BIA mistakenly believed that the IJ found that Medellin's proposed PSG, "the Pacheco Medellin family," is not legally cognizable. This error, however, is harmless because Medellin failed to establish nexus to this proposed PSG. Medellin also fails to identify evidence that compels the conclusion that Mexican society perceives, considers, or recognizes the proposed PSG comprised of "repatriated Mexican men who oppose gang violence" to be socially distinct.

[4] The temporary stay of removal remains in place until the mandate issues.